1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

MICHAEL AARLIE and KYLE AARLIE, )
                     Plaintiff, )
      v. )
YAKIMA COUNTY, et al., )
                Defendants. )
_____ )

No. CV-13-371-LRS

**ORDER OF DISMISSAL**

    *Pro se* Plaintiff Michael Aarlie has been allowed to file his Complaint *in forma pauperis* subject to review by the undersigned for legal sufficiency.  (ECF No. 4).  Kyle Aarlie, the adult son of Michael Aarlie per the allegations in the Complaint, is also named as a Plaintiff, although he has not signed the Complaint.  As a *pro se* litigant, Michael Aarlie cannot represent his son in this litigation.  See *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975).  Kyle Aarlie must sign the Complaint on his own behalf in order to be part of this litigation.

**I.  BACKGROUND**

    The Complaint asserts claims under 42 U.S.C. Section 1983, the federal RICO statute, as well as pendent state law claims.  Michael Aarlie (hereinafter "Aarlie" or "Plaintiff") alleges he was fraudulently divested of the ownership of certain real property in Mabton, Washington.  He alleges this property was illegally seized in violation of his constitutional rights, including his due process rights.  He alleges:

**ORDER OF DISMISSAL -**      **1**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

> Defendants at relevant times herein intentionally hid documents from Plaintiff, forged Court documents, filed forged land documents, filed land documents in the name of a bank that had not existed for two years, lied in court hearings in the name of [a] bank that had been out of business, stole $54,000 of personal property insurance money and denied Aarlie access to [the] subject property and personal property after the unlawful eviction.

(ECF No. 5 at Paragraph 11).

In 2003, the real property was subject to a non-judicial foreclosure of the deed of trust by the trustee, Bank One, National Association (hereinafter "Bank One"). The property was sold at auction on May 30, 2003, and Bank One acquired a Trustee's Deed for the property. In June 2003, a fire destroyed a mobile home which was located on the property.

In August 2003, Bank One commenced an action for unlawful detainer in Yakima County Superior Court (03-2-02948-2), seeking a writ of restitution. Per Aarlie's Complaint, the writ was only for the burnt out mobile home. After a hearing at which Aarlie was present , Judge Heather Van Nuys issued an order for a writ or restitution. The writ was issued on September 26, 2003. Aarlie alleges he stated to Judge Van Nuys "that the Bank did not have a deed of trust for the subject property and the loan was paid off for the burnt mobile home because of the insurance . . . ." (ECF No. 1 at Paragraph 24). The official court docket indicates the writ was returned by the Yakima County Sheriff on October 14, 2003.

In April 2004, Bank One commenced another unlawful detainer action in Yakima County Superior Court (04-2-01269-3), this time, according to Plaintiff's Complaint, seeking a writ of restitution with regard to the underlying real property. After an order of default was entered, a writ was issued on May 19, 2004. Per Plaintiff's Complaint, and as confirmed by official records of the U.S. Bankruptcy Court for the Eastern District of Washington, Plaintiff and his then wife filed a Chapter 13 bankruptcy petition on May 28, 2004 (04-04231-JAR13).

**ORDER OF DISMISSAL -    2**

The bankruptcy filing gave rise to an automatic stay. On June 17, 2004, Bank One, through its servicing agent HomeComings Financial Network, filed a motion for relief from the stay, but this motion was withdrawn on July 22, 2004, after the bankruptcy trustee, on July 9, 2004, filed a motion to dismiss the bankruptcy petition. On August 17, 2004, the bankruptcy petition was dismissed for failure timely file required documents.

Meanwhile, on July 12, 2004, Allstate Insurance Company commenced an interpleader action in Yakima County Superior Court (04-2-02331-8) seeking a judicial determination as to whom certain insurance proceeds belonged, presumably in connection with the fire that destroyed the mobile home. Per Plaintiff's Complaint, Superior Court Judge Hackett eventually entered a default judgment awarding the $54,000 in policy proceeds to Bank One.

After the dismissal of Aarlie's bankruptcy petition, Bank One resumed its unlawful detainer action in Yakima County Superior Court Cause No. 04-2-01269-3. Writs of restitution were issued on May 19, 2004, November 15, 2004, and April 12, 2005, with regard to the subject real property. On April 19, 2005, Aarlie and his then wife filed another Chapter 13 bankruptcy petition under cause number 05-03261-JAR13. Bank One, through its servicing agent HomeComings Financial Network, moved for relief from the automatic stay. Aarlie contends that counsel for HomeComings Financial Network "lied at the hearing that they had possession of title to the subject property," that he "stated [he] had the Deed to the subject property and the loan had been paid off," but that the bankruptcy court "refused to look at Aarlie's evidence or ask [counsel] for proof of title." On May 31, 2005, the bankruptcy court issued an order granting the motion for relief from stay. On June 2, 2005, the bankruptcy court issued an order dismissing the bankruptcy petition for failure to pay installments of the filing fee. Accordingly, on June 10, 2005, the Yakima County Superior Court entered an order reissuing a writ of restitution for the subject real property. This writ was executed by Deputy

**ORDER OF DISMISSAL -      3**

Artz on July 6, 2005, and it appears the Aarlies were evicted from the property on that date.

Aarlie asserts that in the years since, his research has led to discovery "of many fraudulent documents" related to the foreclosure of his interest in the aforementioned real property. Aarlie demands that the property be returned to him, that he be compensated for the loss of $54,000 in insurance proceeds, and that he be compensated $500,000 for the taking of his property without due process of law.

## II. DISCUSSION

"The *Rooker-Feldman* doctrine recognizes that federal district courts generally lack subject matter jurisdiction to review state court judgments." *Fontana v. Empire Ctr., LLC v. City of Fontana*, 307 F.3d 987, 992 (2002). Under this doctrine, a federal district court does not have jurisdiction to hear a direct appeal from a final state court judgment. *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). The *Rooker-Feldman* doctrine applies to *de facto* appeals. *Id*. at 1158. "It is a forbidden *de facto* appeal under *Rooker-Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from a judgment of that court." *Id*. at 1163. "If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal court." *Id*. at 1164.

While there is no state court judgment of foreclosure here because this was a non-judicial foreclosure of a deed of trust, *Rooker-Feldman* still applies and precludes this federal court from reviewing the validity of the writs of restitution and the interpleader judgment issued by the Yakima County Superior Court. Aarlie complains he was injured by those writs of restitution and the interpleader judgment and invites this court to review and reject them as having been

**ORDER OF DISMISSAL -**      **4**

improperly issued. This the court cannot and will not do. See *Swiatowski v. Citibank*, 745 F.Supp.2d 150 (E.D.N.Y. 2010)(prior state court foreclosure judgment precluded subsequent federal suit alleging bank had filed fraudulent documents, plaintiff had not been notified of the foreclosure sale, there were improprieties in the notice of the sale, and any declaration of default or order of foreclosure was in error).

Before the foreclosure sale took place, Plaintiff could have attempted to enjoin or restrain it "on any proper legal or equitable ground." RCW 61.24.130. Furthermore, Plaintiff had the opportunity to appeal to the Washington Court of Appeals the issuance of the writs of restitution, as well as the interpleader judgment entered by the Yakima County Superior Court. It is noted that while Plaintiff asserts his fraud claims are based on newly discovered evidence, he made similar fraud allegations in conjunction with the earlier state court and bankruptcy proceedings. (See Petition For Injunction filed in June 2005 as ECF No. 45 in 05-03261-JAR13; ECF No. 32 in 04-4231-JAR13; and Docket No. 16 in Yakima County Superior Court Cause No. 04-2-01269-3).[1] Even assuming Plaintiff has newly discovered evidence of fraud, that does not preclude application of the *Rooker-Feldman* doctrine. What matters is that the fraud claims Plaintiff raises

---

[1] He has also made similar allegations in prior complaints he has submitted to or filed with this court. See ECF No. 15 in CV-06-3107-FVS alleging RICO claims with regard to the real property. That action was dismissed without prejudice after Mr. Aarlie and his then wife failed to abide by the court's order directing them to amend their complaint or voluntarily dismiss the same. See also ECF No. 1 in CV-06-3028-CI. That action was dismissed without prejudice for failure to pay the filing fee. See also ECF Nos. 5 and 8 in CV-06-234-JLQ. In that action, the court dismissed without prejudice certain claims related to ongoing state court eviction proceedings involving the Aarlies.

**ORDER OF DISMISSAL -       5**

now in this federal court are inextricably intertwined with prior state court determinations.

To the extent that any of Aarlie's claims might not be precluded by *Rooker-Feldman*, his allegations of fraud are inadequate under Fed. R. Civ. P. 9(b).  They are not stated with the requisite "particularity."  The allegations are vague and/or conclusory (i.e., Paragraph 48 of the Complaint alleging "it's apparent someone works or has access within the Yakima County Court House . . . to the Judge's chambers to obtain a rubber stamp, the clerk's Office who can change the dates on filed documents without a court hearing, sign with a fictitious name and file documents of fraud within the Yakima County Courthouse).

Beyond that, the allegations simply do not state a plausible claim for relief.  For example, Plaintiff asserts Bank One withdrew its motion for relief from stay in bankruptcy case 04-04231-JAR13 "stating they had no interest in the subject property."  This is untrue.  Bank One did not disclaim any interest in the property.  It simply withdrew its motion, presumably because it realized there was a likelihood the bankruptcy petition would be dismissed because of the motion to dismiss filed by the bankruptcy trustee.  After dismissal of that petition, Plaintiff filed another petition and Bank One again moved for relief from stay which was granted.

Plaintiff alleges Deputy Artz seized Plaintiff's property "knowing he had no legal authority to do so."  Deputy Artz, however, acted pursuant to writs of restitution issued by the Yakima County Superior Court.  It is not apparent from Plaintiff's allegations how Deputy Artz could possibly have known if the writs were improperly issued.  The plausibility of Plaintiff's claims is further undermined by his allegation that all of the named Defendants, including the individuals who eventually purchased the property from Bank One, as well as up to ten unnamed Defendants, conspired beginning in 1997 and through 2006 to deprive the Plaintiff of his property.

**ORDER OF DISMISSAL -      6**

The mere fact that Bank One was merged into or acquired by JP Morgan Chase Bank and was no longer doing business under the Bank One name as of November 13, 2004 (Ex. G to ECF No. 5), does not give rise to a reasonable inference that it was engaged in fraud or could not take care of business it had started prior to November 13, 2004, but had yet to complete by that date.

The fact that in July 2004, American Security Insurance Company sent out a "Notice Of Cancellation Or Nonrenewal" (Ex. H to ECF No. 5), indicating the its policy was being cancelled because Plaintiff's loan was "paid off" does not give rise to a reasonable inference of fraud. A reasonable inference is the policy was cancelled because the real property had already been sold at a foreclosure sale which resulted in the loan being "paid off." The insurance was no longer necessary in light of the foreclosure.

## III. CONCLUSION

Based on the foregoing, and pursuant to 28 U.S.C. §1915(e)(2)(B), the *pro se* Plaintiff's Complaint and this action are **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted. Pursuant to 28 U.S.C. §1915(a)(3), it is hereby **CERTIFIED** that any appeal from this Order Of Dismissal is not taken in good faith. Plaintiff's Motion To Appoint Counsel (ECF No. 3) is **DISMISSED** as moot.

**IT IS SO ORDERED.** The District Executive shall enter Judgment accordingly, forward copies of the same to Plaintiff, and close the file.

**DATED** this ___18th___ day of November, 2013.

*s/Lonny R. Suko*

_____
LONNY R. SUKO
Senior United States District Judge

**ORDER OF DISMISSAL -**        **7**